# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MONIQUE PACHECO,

    Plaintiff,

v.

POCONO MEDICAL CENTER,

    Defendant.

NO. 3:16-CV-02461

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Motion for Reconsideration (Doc. 20) filed by Plaintiff Monique Pacheco ("Ms. Pacheco"). In her motion, Ms. Pacheco requests reconsideration of my decision declining to exercise supplemental jurisdiction over her state law claim against Dr. Vladimir Nikiforouk ("Dr. Nikiforouk") for violation of Pennsylvania's Wiretapping and Electronic Surveillance Control Act. Because Ms. Pacheco fails to satisfy the standard for reconsideration and the exercise of supplemental jurisdiction over the state law wiretapping claim is not otherwise warranted for reasons explained in my prior decision, Ms. Pacheco's Motion for Reconsideration will be denied.

## I. Background

Ms. Pacheco commenced this action on November 2, 2016 against her former employer Pocono Medical Center ("PMC") and PMC's Chief Physician of its OB/GYN practice, Dr. Nikiforouk, alleging two claims: (1) Title VII retaliation against PMC; and (2) violation of the Pennsylvania Wiretapping and Electronic Surveillance Control Act against Dr. Nikiforouk. (*See* Doc. 1, *generally*). Subsequently, Dr. Nikiforouk filed a 12(b)(1) motion to dismiss, (*see* Doc. 8, *generally*), and PMC filed a 12(b)(6) motion to dismiss. (*See* Doc. 10, *generally*). On August 16, 2017, PMC's motion to dismiss was granted, but Ms. Pacheco was granted leave to file an amended complaint. (*See* Doc. 18, *generally*).[1] Dr. Nikiforouk's motion to dismiss was also granted, and Ms.

---

[1] Ms. Pacheco filed an Amended Complaint on September 5, 2017, (*see* Doc. 19, *generally*), which PMC has moved to dismiss. (*See* Doc. 21, *generally*).

Pachecho's Pennsylvania Wiretapping and Electronic Surveillance Control Act claim was dismissed without prejudice to refiling by Ms. Pacheco in an appropriate state court. (*See id*.).

In granting Dr. Nikiforouk's motion to dismiss, I noted that there was "little overlap between the facts at the core of the two claims: the federal claim alleging Title VII retaliation and the alleged illegal recording of a conversation between Ms. Pacheco and Dr. Nikiforouk." (*See* Doc. 18, 13). I further explained:

> Ms. Pacheco does not need to allege, or prove, or even successfully litigate, that Dr. Nikiforouk violated Pennsylvania's wiretapping laws to win on her Title VII discrimination claim. As I already mentioned, while the videotaping of Dr. Nikiforouk and Ms. Pacheco's private conversation is arguably a violation of Pennsylvania state law, it is not a violation of Title VII, nor is termination of Plaintiff's employment following her complaints about it. This is because Ms. Pacheco was not engaged in a Title VII protected activity when she lodged her complaints about Dr. Nikiforouk's allegedly illicit recordings. As I have already said, Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. It does not cover complaints about violations of state wiretapping laws. Thus, unless specifically tied to Title VII's protections against discrimination, any claims of violations of state wiretapping laws would be *precluded* from Title VII litigation.

(*Id*. at 13-14 (emphasis in original). As such, finding that the facts underlying Ms. Pacheco's federal and state claims were not so closely intertwined that the case may be said to constitute a single case or controversy, supplemental jurisdiction was declined over Ms. Pacheco's state law wiretapping claim. (*See id*. at 14).

Ms. Pacheco now seeks reconsideration of the decision declining to exercise supplemental jurisdiction over the state law wiretapping claim. (*See* Doc. 20, *generally*). Ms. Pacheco contends that the allegations in her recently filed Amended Complaint set forth a clear relationship between her federal and state claims. (*See* Doc. 23, 5-8). More particularly, Ms. Pacheco argues, *inter alia*, that the claims share a common nucleus of operative facts and actors, both claims will rely on identical witnesses and evidence, and failure to exercise supplemental jurisdiction over the state law claim will result in judicial inefficiency. (*See id*.). Dr. Nikiforouk opposes Ms. Pacheco's request for reconsideration, arguing that the standard for reconsideration is not met in this case and that the exercise of supplemental jurisdiction over Ms. Pacheco's state law wiretapping claim is not warranted. (*See* Doc. 24, 3-7). Ms. Pacheco timely filed a reply brief in further support of her Motion

2

for Reconsideration, (*see* Doc. 26, *generally*), and, therefore, that motion is ripe for disposition.

## II. Discussion

Ms. Pacheco's motion for reconsideration will be denied. The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). A motion for reconsideration may be granted if the movant establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court decided the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café, by Lou–Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Reconsideration is not warranted under the circumstances. Ms. Pacheco has not identified a change in intervening law, nor has she identified a clear error of law or fact compelling reconsideration. Likewise, although the Amended Complaint contains additional factual allegations beyond those that were set forth in the original Complaint, I am not convinced that the additional averments require reconsideration or the exercise of supplemental jurisdiction over the state law claim. Rather, even with these additional allegations, there is "little overlap between the facts at the core" of the claims, and, moreover, Ms. Pacheco does not need to be successful on her claim against Dr. Nikiforouk to demonstrate that PMC violated Title VII. Accordingly, there is no basis for reconsideration of my August 16, 2017 Order declining to exercise supplemental jurisdiction over Ms. Pacheco's Pennsylvania Wiretapping and Electronic Surveillance Control Act claim and dismissing that claim without prejudice to refiling in an appropriate state court.

## III. Conclusion

For the above stated reasons, Ms. Pacheco's Motion fo Reconsideration will be denied.

An appropriate order follows.

October 3, 2017 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge